UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESLEY F. HUTTMAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CHARLES DANIELS, et al.,<br><br>　　　　　Respondents. | Case No. 3:21-cv-00138-LRH-WGC<br><br>**ORDER** |

This is a habeas corpus matter under 28 U.S.C. § 2254. Petitioner Wesley Huttman has paid the filing fee. ECF No. 4. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Huttman will need to file an amended petition before the matter can proceed further.

All of Huttman's claims for relief share the same defect: They are too vague. Ground 1 alleges in full:

(1)　Loss of Liberty without Due Process of Law:

(2)　Use of "Prior Bad Act" allegations to convict by prosecutor,

(3)　Suppression of Brady materials by the prosecution prior to trial as to sabotage Trial Counsel's representation of facts during trial to jury, denied effective Counsel to present impeachment materials for effective cross-examination of star witness.

(4)　[citations omitted]

(5)　failure to disclose Brady materials denied due process to the loss of liberty for Trial Cousnel [sic] to be effective in trial strategy to bear evidence of mitigation/Aggravating factors of a Suppressed letter of star witness recantations.

(6)　Fundamental Miscarriage of Justice. [citations omitted]

ECF No. 1-1 at 3. The closest that Huttman comes to an actual allegation of fact is that the prosecution suppressed a letter containing recantations. However, Huttman does not allege what the initial evidence against him was, nor does he allege what the recantations in the letter were.

1

Everything else in ground 1—loss of liberty, prior bad acts, fundamental miscarriage of justice— have no supporting facts.

Ground 2 contains claims of ineffective assistance of trial counsel and appellate counsel, and it is too vague. Huttman alleges that appellate counsel failed to raise meritorious grounds on direct appeal, without alleging what those grounds are. He alleges that trial counsel failed to examine exculpatory or impeaching evidence about the star witness, without alleging what that evidence is.[1] He alleges a denial of compulsory process, without alleging what evidence the prosecution refused to disclose. He alleges that trial counsel failed to introduce jury instructions on lesser-included offenses without alleging what those offenses are. He alleges that trial counsel did not investigate prior-bad-act evidence, without alleging what those prior bad acts are.

Ground 3(A) contains claims of ineffective assistance of appellate counsel. Huttman alleges again that appellate counsel failed to present meritorious issues on direct appeal, without alleging what those issues are. He alleges that appellate counsel failed to raise an issue of juror misconduct, without alleging what the juror or jurors did. He alleges that appellate counsel failed to litigate the use of prior-bad-act allegations, without alleging what those prior bad acts are.

Ground 3(B) contains claims of violations of the Equal Protection guarantee of the Fourteenth Amendment. However, Huttman's allegations of what appellate counsel did are only legal conclusions without even the vaguest of facts.

Ground 2(E) and ground 3(A)(3) are claims that post-conviction counsel failed to pursue a claim of juror misconduct. Huttman has no constitutional right to effective assistance of post-conviction counsel. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). These parts of grounds 2 and 3 are without merit. Huttman needs to omit these claims in his amended petition.

Huttman will need to file an amended complaint that re-alleges all his claims, except for the two meritless claims of ineffective assistance of post-conviction counsel. For each claim, Huttman will need to allege all the specific facts in support of that claim. Section 2254 Rule 2(c).

///

---

[1] Even if it is the letter containing recantations mentioned in ground 1, Huttman has not alleged what those recantations are.

1    Huttman also has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. At the moment, Huttman has no likelihood of success on the merits because all of his claims are too vague to warrant relief. The court denies his motion. If Huttman can file an amended petition that is less vague, then he may renew his request.

    IT IS HEREBY ORDERED that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

    IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

    IT FURTHER IS ORDERED that the clerk of the court send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have 30 days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

    IT FURTHER IS ORDERED that petitioner must clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner must place the case number, 3:21-cv-00138-LRH-WGC, above the word "AMENDED."

    IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED this 12th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE